(No. 4472-

ROBERT PAUL SCOTT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 14, 1952.*

WALTER W. GEISTER, JR., Attorney for Claimant.
IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

On June 2, 1951, at about 8:45 A.M., Blanche I. Scott, aged 22, sister of claimant, and employed by respondent as a stenographer at the Illinois State Training School for Boys, St. Charles, Illinois, was operating a 1949 Chevrolet Tudor Sedan, belonging to claimant, at 15 m.p.h. in a southerly direction upon the west half of a two lane black top roadway, which leads to the State grounds of said Institution. As she

approached the entrance to said Institution, known as the "North Entrance", a horse owned by respondent suddenly ran out of a pasture gate on the west side of the highway, which had been left open, and struck the right front fender of the automobile, damaging the hood, right front fender, aerial, and roof of the car.

Blanche I. Scott appeared at the hearing on behalf of claimant. She testified that the automobile in question was in good condition; that she had permission from claimant to use the car; and, that the black top highway where the accident happened is a two lane highway about 20 feet wide with a shoulder about 10 feet wide on each side. She stated she was driving 15 m.p.h. when the accident happened, and had been travelling on said roadway a distance of about a block. She first saw the horse when it ran out from the pasture, where the orchard is located, through an open gate on the west side of the road, and into the right front fender of the car; and, that the car was about even with the gate when the accident happened. After the impact she traveled only a few feet, applied the brakes as soon as she saw the horse, and that the car slid on the pavement about a car's length before it stopped. She swung the car to the left, and the car was turned in the middle of the road; that the whole horse came upon the car, and landed on the hood. After the car stopped, the horse slid off on the right side, and thereafter was lame for a while—a few days. She stated she was alone in the car at the time, and that no one was near the gate at the time. She further testified that she had a conversation with one Mr. Frost, a relief house parent at Polk Farm, and an employee of respondent, who came up to the car at the time and place in question, and told her that the Wilson boys (boys in the

Wilson cottage) had left the gate open, and that she should go up to the office and get in touch with Mr. Carft, the head farmer, and have him look at the horse, and call the veterinarian.

Claimant testified that he had given his sister, Blanche I. Scott, permission to use the automobile in question; that the automobile was in good mechanical condition, and that he had paid $172.45 to Kohlert's Body Shop for repairs to his automobile for damages sustained in said accident. He stated that the American States Insurance Co., the insurance company carrying collision coverage on his automobile, had reimbursed him in the amount of $122.45, leaving a balance owing him in the amount of $50.00.

Claimant's exhibit No. 1, being a repair bill from Kohlert's Body Shop in the amount of $172.45, was offered and admitted into evidence.

At the time of the accident Blanche I. Scott was on her way to work for respondent at said Institution. It had been raining during the morning, and at the time of the occurrence it was drizzling, and the highway was wet. The horse in question was owned by respondent.

By stipulation of the parties hereto, and their respective attorneys, the American States Insurance Co. was added as a party claimant to this action by virtue of its subrogation interest.

After hearing the evidence in this case, it is the opinion of the Court that the respondent, through its agents and servants, was negligent in failing to keep the horse properly and securely locked up in the pasture connected with said Institution, and in leaving the gate leading to said pasture open, permitting the horse to leave the pasture at will. It is also the opinion

of the Court that as a direct result of said negligence the horse left the pasture, passed through the open gate, and struck claimant's car, damaging the same to the extent of $172.45.

The Court is further of the opinion that Blanche I. Scott was not guilty of contributory negligence in the operation of said automobile at the time and place in question; and, that she was in the exercise of due care and caution for her own safety and the property of others at the time of the accident.

An award should, therefore, be made to claimant for damages to his automobile, arising out of the accident in question.

Awards are, therefore, entered in this case as follows:

1. *The sum of $122.45 to Robert Paul Scott for the use of American States Insurance Co.*

2. *The sum of $50.00 to Robert Paul Scott, claimant.*